IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **METAMINING, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:12CV00024 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **WILLIAM DAVID BARNETTE, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Eric R. Thiessen, McElroy, Hodges, Caldwell & Thiessen, Abingdon, Virginia, for Plaintiff; Stephen M. Hodges and Seth M. Land, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendants.*

In this civil diversity case, the defendants have objected to a discovery order by the magistrate judge. For the reasons that follow, I will deny the objections.

Plaintiff Metamining, Inc. ("Metamining") alleges claims for fraud, fraud in the inducement and breach of contract against defendants David and Arlene Barnette ("the Barnettes") and their wholly-owned corporation Barnette Construction, Inc. These claims arise out of the plaintiff's August 2010 acquisition of Barnette Energy, LLC ("Barnette Energy"), which owns and operates a surface coal mine and quarry in Dickenson County, Virginia. The plaintiff seeks compensatory and punitive damages, as well as indemnification of both past and future expenses of conducting government-mandated surface mine reclamation work. The Barnettes have counterclaimed, asking the court to order Metamining to

comply with the terms of the parties' Sales Agreement by replacing the bonds that existed at the time of the sale, thereby relieving the Barnettes of liability for the bond obligations.

In the process of discovery, the plaintiff submitted written interrogatories to defendant David Barnette, seeking information regarding his assets and liabilities, tax returns for the previous three years, and an itemized accounting of how the Barnettes have spent the five million dollars Metamining paid them to acquire Barnette Energy. The defendants objected to these requests, leading Metamining to file its First Motion to Compel, which was referred to the magistrate judge. The plaintiff argued that discovery of this information is both reasonable and relevant to its claim for punitive damages. Metamining further noted that the tax returns would be probative as to whether the defendants had treated reclamation expenses before the sale as "liabilities" as that term was used in the parties' Sales Agreement. Opposing the motion, the Barnettes argued that the court should postpone discovery of sensitive financial information until after it determined that the plaintiff had stated a supportable tort claim that would entitle it to punitive damages. The Barnettes further asserted that the request was overly broad and unduly burdensome, seeking detailed information that is nearly three years old would not be relevant to the question of their current ability to pay punitive damages.

After briefing, the magistrate judge granted the plaintiff's motion and ordered David Barnette to provide full and complete answers to the interrogatories and to produce copies of his individual and jointly filed tax returns for 2009, 2010, and 2011. The Barnettes now object, but only to the portion of the magistrate judge's order requiring David Barnette to provide an itemized accounting of the disposition of the five million dollar sale price of Barnette Energy.[1] The Barnettes renew their contention that this request is overly broad and would provide information that is too old to be relevant to punitive damages. They further argue that gathering and providing the names, dates, addresses and bank account numbers of all recipients following the elapse of nearly three years would impose a significant and undue burden, especially in light of its marginal probative benefit.

A magistrate judge's ruling as to nondispositive matters may be reversed only upon a finding that the order is clearly erroneous or contrary to law. 28 U.S.C.A. § 636(b)(1)(A) (West 2006); Fed. R. Civ. P. 72(a). An order is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Minyard Enters., Inc. v. Se. Chem. & Solvent Co.*, 184 F.3d 373, 380 (4th Cir. 1999) (internal quotation marks and citation omitted). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or

---

[1] The Barnettes do not object to the portions of the Order requiring identification of assets and liabilities and production of tax returns.

rules of procedure." *United Mktg. Solutions, Inc. v. Fowler*, No. 1:09-CV-1392-GBL-TCB, 2011 WL 837112, at *2 (E.D. Va. Mar. 2, 2011) (internal quotation marks and citation omitted).

I do not find the magistrate judge's ruling to be clearly erroneous or contrary to law. A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Moreover, "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Metamining has made a number of reasonable arguments to demonstrate the relevance of an itemized account of the disposition of the sale proceeds. First, this information may prove probative as to the defendant's true financial condition.[2] Tracing the disposition of these funds may lead to the discovery of additional resources that are indirectly owned or controlled by the Barnettes but that would not appear on their personal tax returns. Moreover, the plaintiff has pointed out that some of the defendants' witnesses — for example, the agent who arranged the

---

[2] A defendant's current financial condition is a relevant consideration in evaluating the appropriateness of punitive damages in Virginia. *See Baldwin v. McConnell*, 643 S.E.2d 703, 706 (Va. 2007) (stating that "[r]eview of the amount of punitive damages includes consideration of reasonableness between the damages sustained and the amount of the award and the measurement of punishment required, whether the award will amount to a double recovery, the proportionality between the compensatory and punitive damages, and the ability of the defendant to pay.") (internal quotation marks and citation omitted). As an issue relevant to the plaintiff's claim for punitive damages in this case, information about the defendants' current financial situation is subject to discovery under Federal Rule of Civil Procedure 26.

sale of Barnette Energy — may have received payments from the sale proceeds. Tracing these funds, therefore, may be relevant to discovering potential biases in witnesses. It should be noted that the other financial information and tax returns the defendants have already agreed to turn over is not likely to provide this type of evidence. Discovery of this information, therefore, may not be cumulative.

Although I recognize that compiling this itemized record may not be an easy task, especially years after the sale, I agree with the plaintiff that the fact that the vast majority of these funds were deposited in a single bank account will ease the burden. In light of this evidence, therefore, I cannot form a definite and firm conviction that a mistake was committed by the magistrate judge's order. I further find that the magistrate judge properly applied the relevant statutes, case law, and rules of procedure, rendering her decision not contrary to the law.

For these reasons, it is **ORDERED** that Defendants' Objections to Order Granting Plaintiff's First Motion to Compel (ECF No. 79) are DENIED.

ENTER: May 6, 2013

/s/ James P. Jones
United States District Judge